## NEWCOMER v. FISHER.

APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—ERRONEOUS AND UNNECESSARY STATEMENTS OF LAW BY TRIAL JUDGE.

Finding by trial court for defendants in nonjury action on controlling question of fact against real-estate saleswoman, the broker and vendors for fraudulent misrepresentations claimed to have been made by her in connection with the purchase of a farm, is not disturbed by the Supreme Court, where such finding on the facts is not against the clear preponderance of the evidence, notwithstanding the trial judge also gave expression to views on the law which plaintiffs claim were erroneous and which were unnecessary to decision.

---

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 896.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 7, 1956. (Docket No. 26, Calendar No. 46,726.) Decided September 4,.1956.

Case by William Newcomer and Kay Newcomer, originally in chancery joining Gerald W. Fisher and Margaret Fisher, transferred to law side of court for trial against Harold Jewett and Dorothy Ruddick only, for damages arising from alleged misrepresentations on sale of farm property. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Joseph & Joseph,* for plaintiffs.

*McGregor & Traycik,* for defendants.

DETHMERS, C. J. Plaintiffs purchased a farm from defendants Fisher. Defendant Jewett is the realtor with whom Fishers had listed the premises for sale and defendant Ruddick, his saleswoman, handled the deal. Suit is predicated on misrepresentations prior to sale. Service was not obtained· on Fisher's ‘but before trial they settled with plaintiffs, reducing the contract purchase price by $2,000. The case proceeded to trial against defendants Jewett and Ruddick only. It was tried to the court without a jury and judgment entered·for defendants. From order denying new trial plaintiffs appeal.

Plaintiffs testified that defendant Ruddick made material misrepresentations to them. She testified that she had not made the alleged representations, but that the subject matter of some had been discussed between plaintiffs and defendant Gerald W. Fisher. The court, in delivering its oral opinion from the bench, said: "This case hinges upon a question of fact more than anything else, or entirely, as a matter of fact," but then proceeded to give expression to views on the law, which plaintiffs say are

erroneous, concerning the duty of a purchaser to discover facts for himself in the face of positive and material representations with respect to those facts by the seller or his agent. In their brief plaintiffs say that if the court had stated that it did not believe their testimony they would not be here on appeal, but that its misapplication of the law occasioned the appeal.

Had the trial court contented itself with a statement that on the disputed questions of fact it found for defendants, such finding would not have been contrary to the clear preponderance of the evidence but would have been supported thereby. The information contained on the listing agreement which defendant Ruddick showed to plaintiffs, their personal viewing of the premises before purchase and discussion with Fisher of the matters now charged to have been the subjects of misrepresentation by defendant Ruddick not only support her denial of misrepresentations on her part, but, together with the entire record, negate the idea that such representations, even if defendant Ruddick did make them, were made by her recklessly or knowing them to be false, and likewise refute plaintiffs' claim that they relied thereon in making the purchase or that they were in anywise damaged thereby. The trial court having stated that, in its view, the case presented a question which was entirely one of fact, we conclude that it found on the facts for defendants. To have found otherwise would have been against the clear preponderance of the evidence. Under such circumstances a reversal would scarcely be warranted by the trial court's erroneous statements of law unnecessary to decision.

Affirmed, with costs to defendants.

Sharpe, Smith, Edwards, Boyles, Kelly, Carr, and Black, JJ., concurred.